IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW BAILEY, #290 472, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-868-WKW |
| LT. KERRY WILLIAMS, *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Plaintiff's request for a preliminary injunction. Doc. 4. Plaintiff seeks to enjoin Defendants from harming other inmates and from violating prison policy regarding a "hands off policy and abusing their authority." Plaintiff also requests that he be transferred to another correctional facility and/or that Defendants be enjoined from being present at the same institution because he fears retaliation from them. Upon review, the court concludes the motion for preliminary injunction is due to be denied.

**I.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d

1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

## II. DISCUSSION

Plaintiff's motion for injunctive relief does not meet the demanding showing required for this extraordinary form of relief, for several reasons. He does not meet his threshold obligation of showing a reasonable probability of success on the merits of his request. Further, regarding Plaintiff's request that Defendants be enjoined from harming him and/or other inmates and from violating a "hands off" prison policy, if Plaintiff's motion were granted, the resulting injunction would amount to a broad instruction to Defendant to obey the law. Rule 65(d) of the Federal Rules

of Civil Requests for injunctions must be specific; an injunction which merely orders a defendant to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). And Plaintiff's request for a transfer because of his general fear that Defendants will retaliate against him is insufficient to demonstrate a constitutional violation. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations are not an adequate substitute for claims of specific, present harm or threat of a specific, future harm). In addition, prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Clark v. Browers*, 2005 WL 1926088, at *3 (E.D. Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing" ); *see also Beltran v. Smith*, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion.").

Even if Plaintiff could establish the propriety of his request for preliminary injunctive relief, his motion is devoid of any allegation he will suffer specific and irreparable harm if an injunction is not issued. To establish irreparable injury, Plaintiff must show that he will suffer harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3rd Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Finally,

it is impossible to determine what Plaintiff's requested relief would entail, which prevents the court from determining what, if any, burden an injunction would have on the Alabama Department of Corrections, or whether the issuance of an injunction would harm the public interest. Plaintiff's motion is without merit.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The Motion for Preliminary Injunction (Doc. 4) be DENIED; and

2.  This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before January 27, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of January, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge