IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW BAILEY, #290 472, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-868-ECM |
| | ) [WO] |
| LT. KERRY WILLIAMS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on November 3, 2016. When he filed this complaint, Plaintiff was incarcerated at the Easterling Correctional Facility in Clio, Alabama. On January 6, 2017, the court entered an order of procedure directing Defendants to file an answer and special report. Doc. 9. This order also directed Plaintiff to inform the court immediately of any new address. *Id.* at 2, ¶6 ("Plaintiff shall immediately inform the court and Defendants or Defendants' counsel of record of any change in his address."). The order further advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.*

On August 7, 2018, the court entered a notice of reassignment. Doc. 50. On August 14, 2018, Plaintiff's copy of the August 7 order was returned to the court marked as undeliverable because Plaintiff is no longer housed at the Easterling Correctional Facility. Accordingly, the court entered an order on August 16, 2018, requiring that by August 27, 2018, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 51. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply

would result in the dismissal of this case. *Id.* Plaintiff's copy of the August 16, 2018, order was returned to the court on August 24, 2018, marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before October 4, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

2

Done, on this the 21st day of September, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge