IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW BAILEY, #290472, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cv-868-ECM |
| | ) | [WO] |
| LT. KERRY WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On October 10, 2018, this Court entered an Order and Final Judgment dismissing without prejudice Plaintiff Matthew Bailey's ("Bailey") *pro se* 42 U.S.C. § 1983 action for failure to comply with Court Orders and failure to prosecute. (Docs. 53, 54).  Now pending before the Court are Bailey's motion for preliminary injunction, in which he requests that the Court cease collecting the filing fee from his inmate account and return all funds collected since 2019 (doc. 70); and an application to proceed *in forma pauperis* (doc. 66). Bailey contends that he was released from prison in 2019 and later returned to prison in 2024.  He further argues that the Court's Order requiring collection of the filing fee became void when he was released in 2019 and a new one should have been instated when he returned in 2024.

Shortly after Bailey filed this action in 2016, the Court granted him leave to proceed *in forma pauperis*, except that he was required to pay an initial partial filing fee and to continue making payments towards the $350.00 filing fee until the fee was paid in full, in accordance with 28 U.S.C. § 1915(b). (Doc. 3).  The Court's Order advised Bailey that if

his case was "dismissed for failure to pay the initial partial filing fee *or for any other reason* he remains obligated to pay the $350.00 filing fee." (*Id.* at 3) (emphasis added).  Thus, Bailey has been on notice that he would be required to pay the $350.00 filing fee even if his case was dismissed.  Moreover, Bailey filed a substantially similar motion on March 4, 2025 (doc. 57), requesting that the Court cease collecting the filing fee, which the Court denied (doc. 61).  Bailey cites no authority in support of his position that the Court's Order requiring periodic filing fee payments (doc. 3) became "void" when he was released in 2019.  On the contrary, the statute provides that, after the prisoner pays the initial partial filing fee, he "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," and "[t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court *each time the amount in the account exceeds $10 until the filing fees are paid.*" 28 U.S.C. § 1915(b)(2) (emphasis added).  And several courts of appeals have concluded that a prisoner's subsequent release from prison is irrelevant if he was a prisoner when he initially sought to proceed *in forma pauperis* under § 1915. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997).  The Court finds these decisions persuasive.

Upon review, Bailey has not established entitlement to the extraordinary remedy of a preliminary injunction or otherwise demonstrated entitlement to relief from the Court's Order.

Accordingly, it is

ORDERED that Bailey's motion (doc. 70) is DENIED.  It is further

2

ORDERED that Bailey's application to proceed *in forma pauperis* (doc. 66) is DENIED as moot.

DONE this 19th day of May, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

3